# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 17-1319V
(not to be published)

| | |
|---|---|
| RICHARD BRANDELL,<br><br>　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: February 23, 2021<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs |

*Jennifer Marie Placzek, Placzek Winget & Placzek, Springfield, MO,* for Petitioner.

*Sarah Christina Duncan, U.S. Department of Justice, Washington, DC,* for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On September 25, 2017, Richard Brandell filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered Guillain-Barré syndrome as a result of an influenza vaccine he received on October 27, 2014. (Petition at 1, 4). On December 30, 2020, a decision was issued awarding compensation to Petitioner based on the parties' stipulation. (ECF No. 70).

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner has now filed a motion for attorney's fees and costs, dated January 22, 2021 (ECF No. 75), requesting a total award of $61,930.42 (representing $46,321.90 in fees and $15,608.52 in costs). In accordance with General Order No. 9, Petitioner filed a signed statement indicating that he has incurred out-of-pocket expenses in the amount of $793.07. (ECF No. 74). Respondent reacted to the motion on February 1, 2021, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case and deferring determination of the amount to be awarded to my discretion. (ECF No. 77). On February 2, 2021, Petitioner filed a reply requesting the full amount of fees and costs be awarded[3]. (ECF No. 78).

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate, for the reason listed below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. at 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private

---

[3] Petitioner mistakenly filed his Reply as a Response to a Motion to Attorney's Fees and Costs. (ECF No. 78).

2

practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S., at 434.

## ATTORNEY FEES

### A. Hourly Rates

For attorney Jennifer Placzek, Petitioner requests $300.00 per hour for time billed between 2015 – 2018, and $350.00 per hour for time billed between 2019 – 2020. (ECF No. 76 at 1-2). Ms. Placzek was previously awarded the rate of $300.00 per hour for her time billed in 2015 – 2018 in *Stricklin v. Sec. of Health & Human Servs.,* No. 17-1218V, 2018 WL 5276530 (Fed. Cl. Spec. Mstr. Sept .19, 2018), and I will apply that same rate herein to the relevant time period. The requested rate for the 2019 – 2020 is also reasonable, and I will award it herein.

### B. Excessive and Duplicative Billing

There are several billing entries for meetings with Petitioner that were billed by both Ms. Placzek and her paralegal. Special masters have previously reduced the fees paid to petitioners due to excessive and duplicative billing. *See Ericzon v. Sec'y of Health & Human Servs.*, No. 10-103V, 2016 WL 447770 (Fed. Cl. Spec. Mstr. Jan. 15, 2016) (reduced overall fee award by 10 percent due to excessive and duplicative billing); *Raymo v. Sec'y of Health & Human Servs.*, No. 11-654V, 2016 WL 7212323 (Fed. Cl. Spec. Mstr. Nov. 2, 2016) (reduced overall fee award by 20 percent), *mot. for rev. denied*, 129 Fed. Cl. 691 (2016). Special masters have previously noted the inefficiency that results when cases are staffed by multiple individuals and have reduced fees accordingly. *See Sabella*, 86 Fed. Cl. at 209. I will therefore reduce the fees to be awarded by **$995.70**, the amount of time billed by the paralegal to attend the meetings jointly with Ms. Placzek.[4]

## ATTORNEY COSTS

Petitioner requests $15,608.52 in overall costs. (ECF No. 75 at 2). This amount is comprised of obtaining medical records, expert costs, and the Court's filing fee. I have reviewed all of the requested costs, find them to be reasonable, and shall therefore award them in full. Petitioner also personally incurred costs in the amount of $793.07 for the expense of visiting his expert. (ECF No. 74). I find this amount to be reasonable and award in full this personal expense.

---

[4] This amount consists of ($145 x 4.5 hrs = $652.50) + ($156 x 2.2 hrs = $343.20) = $995.70.

3

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). **Accordingly, Petitioner is awarded the total amount of $61,727.79**[5] **as follows:**

- **A lump sum of $60,934.72, representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to Petitioner and Petitioner's counsel; and**

- **A lump sum of $793.07, representing reimbursement for Petitioner's costs, in the form of a check payable to Petitioner.**

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.[6]

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master

---

[5] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.